UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>JORGE ALBERTO RAMOS,<br><br>　　　　Defendant. | CASE NO. CR20-093RSM<br><br>ORDER DENYING MOTION FOR REVOCATION OF ORDER OF RELEASE |

This matter comes before the Court on the Government's Motion for Revocation of Magistrate Judge Oberto's August 14, 2020, Order releasing Defendant Jorge Alberto Ramos to pre-trial supervision. Dkt. #70. Defendant Ramos has filed a Response. Dkt. #96. The Court has determined that an evidentiary hearing is unnecessary.

An appeal of a magistrate's detention order is governed by 18 U.S.C. § 3145(a), which provides that: "[i]f a person is ordered released by a magistrate judge. . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release. . ." The District Court judge with original jurisdiction then reviews de novo the Magistrate Judge's detention order. *See United States v. Koenig*, 912 F.2d 1990, 1192 (9th Cir. 1990). In ruling on a motion for pretrial detention, the Court must answer the same questions as the Magistrate Judge; whether any

ORDER DENYING MOTION FOR REVOCATION OF ORDER OF RELEASE – 1

condition or combination of conditions will reasonably assure the appearance of the defendant as required, and the safety of any other person and the community. 18 U.S.C. § 3142(f). The United States typically bears the burden of showing that defendant poses a danger to the community by clear and convincing evidence, and it bears the burden of showing that a defendant poses a flight risk by a preponderance of the evidence. *United States v. Gebro*, 948 F.2d 1118, 1120 (9th Cir. 1991). However, the Bail Reform Act expressly provides that:

> [s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801et seq.) . . . or an offense under section 924(c) . . . of title 18 of the United States Code…

18 U.S.C. § 3142(e).

The Bail Reform Act identifies four factors that a court should consider in analyzing a detention motion: "(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including [] the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings . . .; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

The Court has reviewed the briefing and attachments. Mr. Ramos has no criminal history or history of drug use. There are no indications of acts of violence in this case or in his past. He

ORDER DENYING MOTION FOR REVOCATION OF ORDER OF RELEASE – 2

has been a lawful permanent resident of the United States since 1984. He has strong family ties here, sharing a home in California with his wife, daughter, and two grandchildren. Mr. Ramos also has significant health issues, including conditions such as diabetes, obesity, and hypertension that are or may be risk factors for COVID-19, a disease that he may have an increased chance of contracting while in detention. Considering all of the above, the Court finds that Defendant has met his burden of demonstrating that he is not a flight risk and does not pose a danger to the community given the original conditions imposed by Judge Oberto and the additional third-party custody proposed by Defendant.

Accordingly, having reviewed the Motion, along with the remainder of the record, the Court hereby finds and ORDERS that the Government's Motion for Revocation of Magistrate Judge Oberto's August 14, 2020, Order of Release, Dkt. #70, is DENIED. When Mr. Ramos makes his initial appearance in this District the Government is free to recommend additional conditions it feels are necessary.

DATED this 26th day of August, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR REVOCATION OF ORDER OF RELEASE – 3